UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-209-M

JASON L. AMEN HETEP,

Plaintiff,

v.

C&P HOME SOLUTIONS,

Defendant.

ORDER AND
MEMORANDUM AND
RECOMMENDATION

This matter is before the court on *pro se* Plaintiff Jason L. Amen Hetep's application to proceed *in forma pauperis* and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -2]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application to proceed *in forma pauperis* is allowed. For the reasons stated below, it is recommended that the complaint be dismissed for lack of jurisdiction.

## I.     Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Discussion

Plaintiff alleges in the complaint that he is the record owner and holds the deed for real property located at 3245 Landing Falls Lane, Raleigh, North Carolina (the "property"), and C&P Home Solutions ("C&P") claimed title to the property as the result of an auction that never occurred, Plaintiff was never served with a notice of sale, C&P proceeded with an eviction based on a void sale, and Plaintiff was deprived of the property without due process. Compl. [DE-1] at

2

4. Plaintiff asks the court to issue emergency relief in the form of (1) a temporary restraining order and injunction enjoining C&P and the Wake County Sheriff from executing the writ of possession and (2) a declaratory judgment that C&P's deed is void for lack of notice and constitutional due process. *Id.* Plaintiff also filed a Notice of Lis Pendens, [DE-1-3], and a General Warranty Deed for the property listing Plaintiff and his wife as Grantees, which was recorded with the Wake County Register of Deeds on February 2, 2006, [DE-1-4].

In addition to the complaint, Plaintiff filed an emergency motion for a temporary restraining order seeking, among other things, to stay a state court eviction, [DE-3], which the court denied for several reasons, including that it likely lacked subject-matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine, which provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." Apr. 2, 2026 Order [DE-6] at 2. Plaintiff also filed an emergency motion for reconsideration, which the court also denied. [DE-7, -8].

The crux of Plaintiff's claim is that the underlying foreclosure sale was void because he did not receive proper notice, and Plaintiff asks the court to enjoin C&P from executing its writ of possession and to declare its deed void. The relief Plaintiff seeks would, in effect, "undo" a "state court judgment foreclosing on [his] home[]," which is precluded by *Rooker-Feldman*. Apr. 2, 2026 Order [DE-6] at 2 (quoting *Smalley v. Shapiro & Burson, LLP,* 526 F. App'x 231, 236 (4th Cir. 2013); and citing *Brumby v. Deutsche Bank Nat. Trust Co.,* No. 1:09-CV-144, 2010 WL 617368, at *4 (M.D.N.C. Feb. 17, 2010) (recommending the dismissal of a complaint under the *Rooker-Feldman* doctrine because the plaintiff sought to "invalidate the judicial findings made in the state court foreclosure action"), *adopted by* 2010 WL 3219353, at *1 (M.D.N.C. Aug. 13, 2010)).

Under Rooker-Feldman, "lower federal courts are precluded from exercising appellate

jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 319 (4th Cir. 2016) (quotation marks omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine prevents federal courts from considering "issues actually presented to and decided by a state court, but also . . . constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (quotation marks and citations omitted). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). "A federal claim is inextricably intertwined with a state court decision where, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *Naylor v. Wells Fargo Home Mortg., Inc.*, No. 3:15-CV-116-RJC, 2016 WL 55292, at *3 (W.D.N.C. Jan. 5, 2016) (citing *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)). "As such, this Court and other courts have held that Rooker-Feldman prohibits a plaintiff from asserting federal claims attacking a state court

4

foreclosure action." *Id.*; *see Dingle v. Khan*, No. 5:19-CV-129-D, 2020 WL 2120010, at *6 (E.D.N.C. Feb. 20, 2020), *adopted*, 2020 WL 1272266 (E.D.N.C. Mar. 16, 2020); *Newsom v. Branch Banking & Tr. Co.*, No. 4:18-CV-112-FL, 2019 WL 348891, at *4 (E.D.N.C. Jan. 9, 2019), *adopted*, 2019 WL 346703 (E.D.N.C. Jan. 28, 2019); *Smalley*, 526 F. App'x 231.

Plaintiff's claim that C&P proceeded with an eviction based on a void sale, and Plaintiff was deprived of the property without due process is "inextricably intertwined" with the underlying state court foreclosure proceeding resulting in C&P's writ of possession and deed that Plaintiff seeks to have this court declare void. Thus, this court lacks jurisdiction to provide the relief Plaintiff seeks. *See Macedon, Tr. United States v. North Carolina*, No. 4:24-CV-66-BO-BM, 2025 WL 745862, at *4 (E.D.N.C. Mar. 9, 2025) (finding the court lacked jurisdiction to consider plaintiff's claims challenging the validity of her foreclosure because they were barred by *Rooker-Feldman*), *aff'd sub nom.*, *Macedon v. Castle*, No. 25-1382, 2025 WL 2438176 (4th Cir. Aug. 25, 2025); *Clayton v. Wells*, No. 24-1611, 2024 WL 5200151, at *1 (4th Cir. Dec. 23, 2024) (affirming dismissal for lack of subject matter jurisdiction under *Rooker-Feldman* doctrine because "disposition of their claims would have required review of the state foreclosure judgment and a determination by the district court that it was wrongly decided"). Accordingly, the case should be dismissed for lack of jurisdiction.

### III.   Conclusion

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* is allowed, and it is recommended that the case be dismissed for lack of jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **April 23, 2026** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make

5

a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright*, 766 F.2d at 846–47.

Submitted the __9__ day of April, 2026.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

6